B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Xkmci g'J qo gu.'N(R0' | Xkrj qo 'HY 'J qrf kpi u'NNE." hlmlc'Qrgtkq'F gxgrqr o gpv.'NNE" |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Lghh'Rtquvqm Xctvcdgf kcp'J guvgt'( 'J c{pgu LLP 301 Commerce St., Ste. 2200, Fort Worth, TX 76102 817-214-4990 | William L. Wolf, Wolf & Henderson, P.C. 4309 Irving Ave., Ste. 200, Dallas, TX 75219 214-750-1395 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for declaratory judgment, expungement of lis pendens under Tex. Prop. Code § 12.0071(c)(2), and attorneys' fees under Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001-.006.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>Village Homes, L.P. | BANKRUPTCY CASE NO.<br><br>25-43782 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Nortthern District of Texas | DIVISION OFFICE<br>Fort Worth | NAME OF JUDGE<br>Hon. Mark X. Mullin |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Jeff P. Prostok* | | |
| DATE<br><br>October 8, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Jeff P. Prostok | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
        emily.chou@vhh.law
        mary.stanberry@vhh.law

*Proposed Counsel for Debtor and Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VILLAGE HOMES, L.P., | ) | Case No. 25-43782-mxm11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| VILLAGE HOMES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 25-_____ |
| | ) | |
| VILHOM FW HOLDINGS LLC f/k/a | ) | |
| OLERIO DEVELOPMENT, LLC,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORIGINAL COMPLAINT**

---

[1] Olerio Development, LLC filed a Certificate of Amendment with the Texas Secretary of State on or about August 22, 2025, by which it changed its name to Vilhom FW Holdings LLC.

TO THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE:

Village Homes, L.P. (the "Debtor" or "Plaintiff"), the debtor and debtor-in-possession in the chapter 11 case captioned above and plaintiff in this adversary proceeding, files this Complaint for a declaratory judgment. In support hereof, Plaintiff would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. On October 1, 2025, Plaintiff filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, Plaintiff has remained in possession of its property and in control of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157, because this is a civil proceeding arising under the Bankruptcy Code, or arising in or related to Plaintiff's chapter 11 case.

3. This is a core proceeding under 11 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

4. Venue of this adversary proceeding in this District is appropriate under 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff is a Texas limited partnership with its principal place of business located in Fort Worth, Tarrant County, Texas.

6. Vilhom FW Holdings LLC, formerly named Olerio Development, LLC ("Defendant") is a Texas limited liability company and may be served with process pursuant to Federal Rules of Bankruptcy Procedure 7004(b) in this adversary proceeding through its registered agent:

Lou Olerio
6310 Lemmon Ave., Suite 202
Dallas, Texas 75209

**FACTS**

7.  Plaintiff has been a successful and reputable builder in Fort Worth and surrounding areas since 1997. During October 2024, Plaintiff was building new homes and also owned lots and options to acquire lots in various subdivisions in Tarrant County, Texas.

8.  Pursuant to a Real Estate Sales Contract between Plaintiff and Defendant signed by the parties on October 17, 2024 (as amended, the "RESC"), Plaintiff agreed to sell, and Defendant agreed to purchase from Plaintiff, the lots and options  (the "Property") as more particularly described in the RESC, as well as certain intellectual property rights including the right to use iterations of the Village Homes name. The RESC provided that time was of the essence.  In summary, except for homes Plaintiff had already started, Defendant agreed to purchase substantially all of Plaintiff's assets.

9.  The parties to the RESC contemplated a two (2) stage closing, with the first closing on January 31, and the second closing on February 28. As a result of a clerical error in the drafting of the RESC, however, the RESC provided for a first closing on January 31, **2024,** and a second closing on February 28, **2024**. Those dates had already passed when the RESC was signed, and the parties meant to use January 31, **2025,** for the first closing and February 28, **2025,** for the second closing.

10.  Pursuant to section 3.1 of the RESC, Defendant made earnest money deposits totaling $300,000 (the "Earnest Money"), all of which has been released to Plaintiff and are non-refundable.

11.  On January 28, 2025, in a Zoom meeting with Plaintiff's President (Michael Dike) and its counsel (John Broude), Defendant's principal (Lou Olerio) and Defendant's counsel (London O'Dowd), Mr. O'Dowd informed Plaintiff that Defendant had lost two (2)

tranches of the financing it required to close the transaction contemplated by the RESC. Consequently, Defendant did not tender performance under the RESC and was unable to perform on the first scheduled closing date. Defendant asked if Plaintiff would provide more seller financing than the seller financing provided for in the RESC, but Plaintiff declined. Following Plaintiff's refusal to modify the RESC to provide for more seller financing, Lou Olerio threatened to sue Plaintiff and file Notices of Lis Pendens on the Property.

12.     On February 28, 2025, Plaintiff tendered closing documents to the title company named in the RESC and copied counsel for Defendant with the tender, inviting comments on the closing documents. Plaintiff's closing instruction letter stated that Plaintiff was willing to extend the February 28, 2025, closing date to March 7, 2025.  Defendant did not respond to Plaintiff's proposed closing dates and has never tendered performance.

13.     Defendant failed to close the transaction by February 28, 2025, and did not make any attempt to close the transaction by March 7, 2025, the extended closing date offered by Plaintiff. Defendant was not ready, willing, and able to close the transaction on or before March 7, 2025.  This constituted a material default under the RESC.  Consequently, Plaintiff terminated the RESC in a writing delivered to Defendant's counsel on March 7, 2025. By email on March 10, 2025, Defendant's counsel disputed the propriety and effectiveness of Plaintiff's termination of the RESC.

14.     The RESC was terminated based on Defendant's defaults, Defendant has no further rights under the RESC, and has no legal or equitable interest in the Property.

15.     All conditions precedent necessary for Plaintiff's recovery have been performed, have occurred, or have been waived.

16.     On March 14, 2025, Plaintiff commenced litigation (the "State Court Action") against Defendant in the District Court of Tarrant County, Texas, 352nd Judicial District Court, Cause No. 352-362798-25, for relief including declaratory judgment, award of

attorneys' fees, and pre-judgment and post-judgment interest on any award of damages. Defendant has answered and asserted counterclaims against Plaintiff for specific performance, breach of contract, and attorneys' fees.

17.     Beginning on or about May 12, 2025, Defendant filed multiple Notices of Lis Pendens in Tarrant County and Parker County, Texas, stating that title to the Property was a subject of dispute in the State Court Action. The Notices of Lis Pendens filed in Tarrant County and Parker County, Texas, are referred to collectively in this Complaint as the "Notices."

## COUNT I
## DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201, 2202; Fed. R. Bankr. P. 7001(h)

18.     The allegations set forth in paragraphs 1 through 15 above are incorporated herein by reference.

19.     The controversy between Plaintiff and Defendant is ripe for adjudication by declaratory judgment. Defendant has asserted ongoing rights under the Real Estate Sales Contract that Plaintiff disputes, and Plaintiff faces present and concrete harm from Defendant's actions, including asserted claims of specific performance and the filing of a lis pendens. The dispute is immediate and substantial, not hypothetical, and a declaratory judgment will resolve the parties' adverse legal interests.

20.     Pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Bankr. P. 7001(h), Plaintiff requests entry of a declaratory judgment that:

    (a)     Defendant materially defaulted under the RESC by failing to close the transaction contemplated therein by February 28, 2025;

    (b)     Based on this default, Plaintiff validly and effectively terminated the RESC on March 7, 2025;

---

(c)    Defendant has no further rights under the RESC and has no legal or equitable interest in the Property;

(d)    The Notices are ineffective and should be expunged as to the Property; and,

(e)    Plaintiff is entitled to retain the Earnest Money.

## COUNT II
## EXPUNGEMENT OF NOTICES OF LIS PENDENS
### (Tex. Prop. Code § 12.0071(c)(2))

21.    The allegations set forth in paragraphs 1 through 18 above are incorporated herein by reference.

22.    Defendant cannot establish, by a preponderance of the evidence, the probable validity of Defendant's claim to the Property. Therefore, the Notices should be expunged pursuant to Tex. Prop. Code § 12.0071(c)(2).

## COUNT III
## ATTORNEYS' FEES AND COSTS OF COURT
### (Tex. Civ. Prac. & Rem. Code §§ 37.009, 38.001–.006)

23.    The allegations set forth in paragraphs 1 through 20 above are incorporated herein by reference.

24.    By reason of the foregoing claims, Plaintiff has been forced to retain attorneys and incur legal fees and court costs. Plaintiff requests judgment for reasonable and necessary attorney's fees and costs of court incurred through the date of trial in this matter against Defendant pursuant to section14.9 of the RESC and under applicable Texas law, including but not limited to, chapters 37 and 38 of the Texas Civil Practice & Remedies Code.

## **CONCLUSION**

WHEREFORE, Plaintiff prays that the Court enter judgment:

1.      Declaring that: (a) Defendant materially defaulted under the RESC by failing to close the transaction contemplated therein by February 28, 2025; (b) based on this default, Plaintiff validly and effectively terminated the RESC on March 7, 2025; (c) Defendant has no further rights under the RESC and has no legal or equitable interest in the Property; (d) the Notices are ineffective and should be expunged as to the Property; and (e) Plaintiff is entitled to retain the Earnest Money;

2.      Expunging the Notices;

3.      Awarding and compelling Defendant and to pay Plaintiff's reasonable and necessary attorneys' fees and costs of court incurred through the date of trial in this matter; and,

4.      Granting Plaintiff such other and further relief to which it may be justly entitled.

Dated: October 8, 2025                    Respectfully submitted,

*/s/ Jeff Prostok*
Jeff Prostok
State Bar No. 16352500
Emily S. Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**Vartabedian Hester & Haynes LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
         emily.chou@vhh.law
         mary.stanberry@vhh.law

Proposed Counsel for Debtor and Plaintiff