**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: <br> VILLAGE HOMES, L.P <br>            Debtor(s) <br> VILLAGE HOMES, L.P. <br>            Plaintiff(s) <br> vs. <br><br> Villhom FW Holdings LLC, f/k/a Olerio <br> Development, LLC <br>            Defendant(s) | CASE NO. 25-43782-mxm11 <br><br><br> CHAPTER 11 <br><br><br> Adversary No: 25-04130-mxm |

**DEFENDANT VILHOM FW HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF VILLAGE HOMES, L.P.'S ORIGINAL COMPLAINT**

Defendant VilHom FW Holdings, LLC, f/k/a Olerio Development, LLC ("Defendant"),

files this its Answer and Affirmative Defenses to Village Homes, L.P.'s Original Complaint (the

"Complaint") and respectfully states as follows:

## I.     AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff Village Homes, L.P. ("Plain-

tiff") has failed and refused to provide any evidence that the loss by defendant of any financing

was required by Defendant to close the transaction described in Par. 11 of the Complaint.  The

RESC, in fact, contains no financing contingency.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed and refused to perform

any of its obligations due on the first scheduled closing date, January 31, 2025 (the "January 31

Closing"), including, but not limited to, failing to provide lender payoffs so that the purchase price

could be calculated pursuant to the RESC prior to the January 31 Closing.

### THIRD AFFIRMATIVE DEFENSE

**DEFENDANT VILHOM FW HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF VILLAGE HOMES, L.P.'S ORIGINAL COMPLAINT          - Page 1**

The Complaint is barred, in whole or in part, because Plaintiff was in default under the terms of the RESC as of January 31, 2025, and therefore breached the RESC prior to February 28, 2025, including, but not limited to, failing to obtain so-called green sheets necessary for Defendant to obtain building permits, providing such green sheets to Defendant only after allegedly receiving them, and failing to convey certain common elements to each respective homeowners' association.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff committed fraud against Defendant.  Plaintiff signed the RESC on October 17, 2024.  Plaintiff made false statements and omitted to disclose material information to Defendant, which along with other things meant that Defendant was fraudulently induced into signing the RESC.  The RESC contained representations and warranties in Section 8.01.  Section 8.01(t), for example, was false on October 17, 2024, but Defendant only discovered its falsity in January 2025.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed and refused to accept multiple settlement offers from Defendant which are wrongfully characterized in the Complaint as just proposed modifications to the RESC, which unaccepted settlement offers do not modify the RESC.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed and refused to accept multiple settlement offers from Defendant which are wrongfully characterized in the Complaint as proposed modifications to the RESC.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant was always ready willing and able to close the RESC in accordance with the RESC, but Plaintiff continuously failed and refused to cure or even address multiple defaults under the RESC.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief are barred, in whole or in part, by Plaintiff's unclean hands. The Fourth Affirmative Defense is incorporated herein by this reference.  For example, but not by way of limitation, the green sheets needed for Defendant to pull building permits, as required by Section 8.01(t) of the RESC, were not obtained by Plaintiff prior to January 31, 2025. Plaintiff alleges it obtained green sheets a week prior to February 28, 2025, but green sheets were never provided by Plaintiff to Defendant.  Plaintiff's failure to timely obtain green sheets, as required by the RESC on October 17, 2024, constitutes unclean hands whereby Plaintiff improperly and unilaterally demanded a fire drill closing at the end of February 2025.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims in the Complaint are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.  The Fourth Affirmative Defense is incorporated herein by this reference. For example, but not by way of limitation, the green sheets needed for Defendant to pull building permits, as required by Section 8.01(t) of the RESC, were not obtained by Plaintiff prior to January 31, 2025.  Plaintiff alleges it obtained green sheets a week prior to February 28, 2025, but green sheets were never provided by Plaintiff to Defendant.  Plaintiff's failure to timely obtain green sheets constitutes laches and also Plaintiff is estopped from demanding a fire drill closing at the end of February 2025, and also waived any closing demanded by Plaintiff under those circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during additional investigation or discovery.

**TWELFTH AFFIRMATIVE DEFENSE**

In further answer to the Complaint, Defendant responds to the allegations set forth in the individually numbered paragraphs of the Complaint as follows:

## II.  ANSWER TO COMPLANT

### JURISDICTION AND VENUE

1.  Defendant admits the allegation in the first sentence of paragraph 1 of the Complaint that Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on or about October 1, 2025. Defendant denies the allegations in the second sentence of paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint states legal conclusion(s) which do not require an answer.

3.  Paragraph 3 of the Complaint states legal conclusion(s) which do not require an answer.

4.  Paragraph 4 of the Complaint states legal conclusion(s) which do not require an answer.

5.  Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant is without information sufficient to admit or deny as alleged in paragraph 7 that (i) Plaintiff has been a successful and reputable builder in Fort Worth area since 1997 and (ii) the scope of Plaintiff's business in October 2024 and, therefore, denies the allegations in paragraph 7 of the Complaint.

8.  Defendant admits the allegations contained in the first and second sentence of paragraph 8 of the Complaint. Defendant is without sufficient information to admit or deny as

alleged in the third sentence of paragraph 8 and, therefore, denies the allegations in the third sentenced of paragraph 8 of the Complaint.

9.      Defendant denies the allegations in paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint, except Defendant denies that the Earnest Money is non-refundable.

11.     Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

13.     Defendant denies the allegations in paragraph 13 of the Complaint except admits the last sentence of paragraph 13 of the Complaint.

14.     Defendant denies the allegations in paragraph 14 of the Complaint.

15.     Defendant denies the allegations in paragraph 16 of the Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of the Complaint.

## COUNT 1

18.     Defendant repeats and reasserts each and every response contained in paragraphs 1 through 17 of this Answer as if fully set forth herein.

19.     The first sentence of paragraph 19 of the Complaint states legal conclusion(s) which do not require an answer.  Defendant denies the allegations in the second and third sentence of paragraph 19 of the Complaint.

20.     Defendant denies that declaratory judgment providing for any of the items described in (a)-(e) of paragraph 20 of the Complaint should be entered.

## COUNT 2

21.     Defendant repeats and reasserts each and every response contained in paragraphs 1 through 20 of this Answer as if fully set forth herein.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.  In fact, the state court judge presiding over the State Court Action already has denied those positions by court order after a long hearing over three (3) days.

## COUNT 3

23.     Defendant repeats and reasserts each and every response contained in paragraphs 1 through 22 of this Answer as if fully set forth herein.

24.     Defendant admits that Plaintiff has retained the undersigned counsel but denies the remaining allegations in paragraph 24 of the Complaint and denies that Plaintiff is entitled to recover attorneys' fees.  Defendant also shows that paragraph 24 calls for legal conclusions to which no response is required and therefore Defendant denies the allegations in paragraph 24 of the Complaint.

## Conclusion

25.     Defendant denies that Plaintiff is entitled to any of the relief requested in the "Conclusion" section of the Complaint (1-4), listed below paragraph 24 of the Complaint.

26.     Defendant denies that Plaintiff is entitled to any declaration regarding default, termination of the RESC, or Defendant's rights or interests.

27.     Defendant denies that the notices of lis pendens are subject to expungement.

28.     Defendant denies that Plaintiff has established any entitlement to expungement under Texas Property Code § 12.0071.

29.     Defendant denies that Plaintiff is entitled to recover attorneys' fees or costs.

30.     Defendant denies that Plaintiff is entitled to any relief whatsoever.

31.     Defendant further denies each and every allegation of the Complaint that has not been specifically admitted, denied, or otherwise controverted herein.

32.     Defendant seeks its attorney's fees as the prevailing party under the terms of the RESC.

### III.     PRAYER

WHEREFORE, Defendant respectfully prays of this Court as follows:

(a) That the Court dismiss the Complaint with prejudice, casting all costs against Plaintiff;
(b) That Defendant be awarded its reasonable attorneys' fees and costs incurred in defending the Complain as prevailing party;
(c) For a trial by jury as to all issues so triable; and
(d) For such other and further relief as this Court deems just, proper, and equitable under the circumstances.

Respectfully submitted,

**WOLF & HENDERSON, P.C.**

/s/ William L. Wolf_____
William L. Wolf
   State Bar No. 21854500
   bwolf@wolf-law.com
4309 Irving Avenue, Suite 200
Dallas, Texas 75219
214.750.1395 (T)
214.368.1395 (F)
ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document was served upon the parties via CM/ECF Electronic notice on March 20, 2026.

**DEBTOR and PROPOSED PLAINTIFF'S COUNSEL**

Jeff Prostok                              Bryan D. Bruner
State Bar No. 16352500                    State Bar No. 03252475
Emily S. Chou                             bbruner@brunerpc.com
State Bar No. 24006997                    Lynne B. Frank

**DEFENDANT VILHOM FW HOLDINGS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF VILLAGE HOMES, L.P.'S ORIGINAL COMPLAINT        - Page 7**

Mary Taylor Stanberry
State Bar No. 24143781
Vartabedian Hester & Haynes LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Email: jeff.prostok@vhh.law
emily.chou@vhh.law  mary.stan-
berry@vhh.law

State Bar No. 24087215
lfrank@brunerpc.com
BRUNER & BRUNER, P.C.
3700 W. 7th Street
Fort Worth, Texas 76107-2536
Attorney for Plaintiff

/s/ William L. Wolf_____
William L. Wolf